**VEDDER PRICE**

LYLE S. ZUCKERMAN
+1 (212) 407-6964
lzuckerman@vedderprice.com

VEDDER PRICE P.C.
1633 BROADWAY, 47TH FLOOR
NEW YORK, NEW YORK 10019
T: +1 (212) 407 7700
F: +1 (212) 407 7299

CHICAGO • NEW YORK • WASHINGTON, DC • LONDON

October 1, 2012

**BY ECF**

Hon. Brian M. Cogan
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re: Ball v. St. John's University, et al. 12-CV-04821 (BMC)

Dear Judge Cogan:

On behalf of defendants St. John's University, Fr. Donald Harrington, Daniel Trujillo, Jack Flynn, Kathleen McElroy, Esq., and the "John Doe" university administrators (collectively, the "St. John's Defendants"), we hereby request a pre-motion conference in the above-entitled matter pursuant to Your Honor's individual rules of practice. The St. John's Defendants anticipate filing a motion pursuant to Fed. R. Civ. P. 12(b)(6) on the grounds set forth below.

Plaintiff James M. Ball ("Plaintiff" or "Ball"), a St. John's University student, commenced an action in the Supreme Court of the State of New York, County of Queens, contesting St. John's handling of a fellow student's allegations that he violated St. John's Code of Student Conduct (the "Code"). The classmate's allegations led to a finding by the St. John's Student Conduct Board – after a full and fair hearing – that he violated the Code in his interactions with the accusing classmate, and he was suspended for one semester. (Before the hearing, Ball had been arrested and charged with various crimes by the Queens Country District Attorney.) Ball asserts a panoply of scattershot claims against the St. John's Defendants,[1] including statutory claims under 42 U.S.C. §§ 1983 and 1988 and Title IX of the Civil Rights Act, and common law claims for breach of contract and defamation. The St. John's Defendants timely removed the action to this Court.

The St. John's defendants anticipate filing a motion to dismiss all claims on numerous grounds. As a preliminary matter, Plaintiff's various causes of action must be dismissed because

---

[1] Plaintiff also asserts claims against the accusing classmate and her parents.

Vedder Price P.C. is affiliated with Vedder Price LLP, which operates in England and Wales.

the administrative and disciplinary determinations of an educational institution may only be challenged under Article 78 of New York's Civil Practice Law and Rules. The factual predicate of each of the claims asserted against the St. John's Defendants concerns the disciplinary procedures used by St. John's to process and determine the allegations asserted by Ball's classmate that he had engaged in crimes of moral turpitude against her. Accordingly, each of the five claims asserted against the St. John's Defendants falls squarely within the scope of Article 78, and must be dismissed. (Indeed, Plaintiff has commenced a separate Article 78 proceeding challenging the disciplinary process, which is pending in the New York Supreme Court.)

Even if the Court was to review the substance of the allegations in the Verified Complaint, dismissal of the claims asserted against the St. John's Defendants would nonetheless be proper on the grounds that none of the five claims states a cause of action.

Initially, the Verified Complaint's Twelfth and Thirteenth Causes of Action assert that the St. John's Defendants deprived Plaintiff of protections afforded him under the United States and New York State Constitutions, and discriminated against Plaintiff on the basis of his sex in violation of federal and city antidiscrimination statutes. Because none of the St. John's Defendants are state actors, the Court must dismiss the claims that they violated Plaintiff's constitutional rights, and that their conduct constituted a violation of 42 U.S.C. §§ 1983 and 1988. The claims asserting sex-based discrimination in violation of Title IX and Article 8 of the New York City Administrative Code must be dismissed because the Verified Complaint fails to plausibly allege facts sufficient to support a claim that Plaintiff was treated differently than similarly situated students because of his sex.

Next, the Verified Complaint asserts three tort claims against the St. John's Defendants: Defamation Per Se (Eighth Cause of Action), Intentional Infliction of Emotional Distress (Ninth Cause of Action), and Negligent and Reckless Infliction of Emotional Distress (Tenth Cause of Action). None of these three claims adequately state a claim upon which relief may be granted. For example, the allegations of defamation are not properly plead, and, in any event, the alleged defamatory statements are protected by the "common interest" qualified privilege (which Plaintiff cannot overcome). Furthermore, the latter two of these three claims are duplicative of the defamation claim, and must be dismissed on that basis as well.

Finally, the Verified Complaint also asserts a claim sounding in breach of contract (Eleventh Cause of Action). This claim must be dismissed because Plaintiff does not identify the terms of the alleged contract which the St. John's Defendants purportedly breached. Accordingly, this claim is deficient as a matter of law.

# VEDDER PRICE

\*   \*   \*

On the foregoing basis, the St. John's Defendants respectfully request a pre-motion conference to discuss their anticipated motion to dismiss the Verified Complaint as against them.

Respectfully submitted,

Lyle S. Zuckerman

cc: Ann Ball, Esq. (via ECF)
    James Moschella, Esq. (via facsimile)
    Kathleen McElroy, Esq. (via e-mail)